FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 31, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICHOLAS B., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:21-CV-5159-JAG <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 15, 20. Attorney Tree represents Nicholas B. (Plaintiff); Special Assistant United States Attorney McClain represents the Commissioner of Social Security (Defendant). After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, **DENIES** Defendant's Motion for Summary Judgment, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

## I.    JURISDICTION

Plaintiff filed an application for benefits on May 4, 2019, alleging disability since June 1, 2011. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Mark Kim held a hearing on December 23, 2020, and issued an unfavorable decision on January 22, 2021. Tr. 120-127. The

Appeals Council subsequently remanded the matter. Tr. 138-42. The ALJ held a second hearing on June 23, 2021, and issued an unfavorable decision on August 2, 2021. Tr. 16-32. The Appeals Council denied review on October 28, 2021. Tr. 1-6. Plaintiff appealed this final decision of the Commissioner on December 28, 2021. ECF No. 1.

## II. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and

making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## III. SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). At steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## IV. ADMINISTRATIVE FINDINGS

On August 2, 2021, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 4, 2017, the application date. Tr. 20.

At **step two**, the ALJ determined Plaintiff had the following severe impairments: autism spectrum disorder; borderline intellectual disability; and social anxiety disorder. Tr. 20.

At **step three**, the ALJ found these impairments did not meet or equal the requirements of a listed impairment. Tr. 21.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform a full range of work at all exertional levels subject to the following nonexertional limitations: he is able to perform simple, routine tasks with a Specific Vocational Preparation of 2 or less; he is able to perform work involving only occasional job-related decision making and occasional and simple changes; he is able to perform work not involving fast-paced type tasks, and work involving no interaction with the public and only occasional and superficial interaction with coworkers not involving tandem tasks.  Tr. 24.

At *step four*, the ALJ found Plaintiff has no past relevant work.  Tr. 31.

At *step five*, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  Tr. 31.

The ALJ thus concluded Plaintiff was not disabled from May 4, 2017. Tr. 32.

## V.    ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (1) whether the ALJ erred by "abusing his discretion and denying the claimant in failing to call a medical expert to develop the record in accordance with the Appeals Council order"; (2) whether the ALJ improperly evaluated the medical opinion evidence; (3) whether the ALJ erred by discounting Plaintiff's testimony; (4) whether the ALJ erred at step three; (5) whether the ALJ erred at step five.  ECF No. 15 at 6.

## VI.    DISCUSSION

A.    **Appeals Council Order.**

Plaintiff argues the "abus[ed] his discretion and den[ied] [Plaintiff] due process in failing to call a medical expert in accordance with the Appeals Council

ORDER GRANTING PLAINTIFF'S MOTION . . . - 4

order." ECF No. 15 at 8. However, the Appeals Council did not mandate the calling of a medical expert. Rather, the Appeals Council stated: "If warranted, the Administrative Law Judge *may* obtain testimony from a medical expert." Tr. 140 (emphasis added). The Court discerns no error on the ALJ's part in this exercise of discretion.

### B.  Medical Evidence.

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff contends the ALJ misevaluated two medical opinions. ECF No. 15 at 9-15. The Court addresses each in turn.

### 1.  *Philip Barnard, Ph.D.*

Dr. Barnard examined Plaintiff on March 21, 2017, conducted a clinical interview, and assessed Plaintiff's mental impairments would, among other things, markedly impair his ability to understand, remember, and persist in tasks by following detailed instructions, perform routine tasks without special supervision, adapt to changes in a routine work setting, ask simple questions or request assistance, communicate and perform effectively in a work setting, and maintain appropriate behavior in a work setting. Tr. 474. Dr. Barnard assessed Plaintiff's "overall severity" as "marked." Tr. 474. The ALJ found Dr. Barnard's opinion "unpersuasive." Tr. 29.

The ALJ first discounted Dr. Barnard's opinion on the ground it is "not supported by nor consistent with the medical evidence and record as a whole." Tr. 29. An ALJ's rejection of a clinician's opinion on the ground that it is contrary to

unspecified evidence in the record is "broad and vague," and fails "to specify why the ALJ felt the [clinician's] opinion was flawed." *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989); *see also Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (rather than merely stating his conclusions, an ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct") (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th. Cir. 1988)). It is not the job of the reviewing court to comb the administrative record to find specific conflicts. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). The ALJ accordingly erred by discounting Dr. Barnard's opinion on this ground.

      The ALJ next discounted Dr. Barnard's opinion on the ground the doctor "did not have any history or experience treating the claimant for the diagnoses assessed." Tr. 29. However, the Commissioner's regulations expressly allow for the evaluation of examining sources' opinions. *See* 20 C.F.R. § 404.1520c(3)(v) ("*Examining relationship*. A medical source may have a better understanding of your impairment(s) if he or she examines you than if the medical source only reviews evidence in your folder."). Indeed, the Appeals Council, in its remand order, specifically instructed the ALJ to "[o]btain additional evidence concerning the claimant's mental impairments in order to complete the administrative record in accordance with the regulatory standards regarding *consultative examinations* and existing medical evidence[.]" Tr. 140 (emphasis added). To exclude a doctor's opinion on this ground would, necessarily, allow for the exclusion of all examining providers' opinions. The ALJ accordingly erred by discounting Dr. Barnard's opinion on this ground.

      The ALJ also discounted Dr. Barnard's opinion on the ground the doctor "appears to have relied heavily on the claimant's self-reports of limitations, as the opinion narrative essentially describes the claimant's self-reported history, symptoms and problems without indicating much in the way of clinical, objective

ORDER GRANTING PLAINTIFF'S MOTION . . . - 6

exam findings or testing to support the degree of disabling mental limitations opined." Tr. 29.  On this record, this is not a valid ground to discount an opinion concerning Plaintiff's mental impairments: "Courts have recognized that a psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as is a medical impairment and that consequently, the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine.

In general, mental disorders cannot be ascertained and verified as are most physical illnesses, for the mind cannot be probed by mechanical devises in order to obtain objective clinical manifestations of mental illness." *Lebus v. Harris*, 526 F. Supp. 56, 60 (N.D. Cal. 1981).  The record indicates the opinion was based on clinical observations and does not indicate Dr. Barnard found Plaintiff to be untruthful.  Therefore, this is no evidentiary basis for rejecting the opinion.  *Cf. Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) ("The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology.

Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields.  Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient.  But such is the nature of psychiatry.  Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness.") (cleaned up).  To the extent the ALJ contrasted Dr. Barnard's opinion as inconsistent with treatment notes indicating Plaintiff was "doing well" and "'functional' in activities of daily living," the ALJ omitted an important fact: Plaintiff's treatment notes indicate Plaintiff was "functional at *home*."  *See*, *e.g.*, Tr. 526 (emphasis added).

There is, of course, a meaningful difference between functioning well at home and functioning in the workplace.[1]  When evaluating medical evidence, an ALJ must present a rational and accurate interpretation of that evidence.  *See Reddick v. Chater*, 157 F.3d 715, 722–23 (9th Cir. 1998) (reversing ALJ's decision where his "paraphrasing of record material is not entirely accurate regarding the content or tone of the record").  Further, the ALJ must evaluate the medical evidence "with an understanding of the patient's overall well-being and the nature of [his] symptoms." *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016).  Because the ALJ did not do so, he necessarily erred by discounting Dr. Barnard's opinion on this ground.

Finally, the ALJ discounted Dr. Barnard's opined marked limitations as internally inconsistent with his assessment of Plaintiff's communication difficulties and Plaintiff's "appearance, hygiene/grooming, speech, attitude and behavior and affect." Tr. 29-30.  This is not a reasonable inconsistency.  Plaintiff's performance

---

[1] As examples of Plaintiff's "activities of daily living," the ALJ noted Plaintiff, among other minimal activities, "can do personal care, play games on his computer and takes care of dogs[.]"  Tr. 28.  These minimal activities neither "meet the threshold for transferable work skills," *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603), nor undermine Dr. Barnard's opinion, *see Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities."); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations.").

during his clinical interview with Dr. Barnard – conducted in a close and sterile setting with a psychiatric professional – is not reasonably inconsistent with Dr. Barnard's opined limitations concerning Plaintiff's ability to, among other things, perform effectively in a work setting, ask simple questions, and request assistance. Tr. 474.  The ALJ accordingly erred by discounting Dr. Barnard's opinion on this ground.

The ALJ accordingly erred by discounting Dr. Barnard's opinion.

### 2.     *Kishore Varada, PA-C.*

PA-C Varada, Plaintiff's treating provider, prepared a "mental residual functional capacity assessment" on June 21, 2021, wherein he assessed a series of severe and marked limitations and opined Plaintiff would be off-task less than 12% and would miss 4 or more days per month if attempting to work a 40-hour workweek.  Tr. 537-40.  The ALJ found this opinion "unpersuasive."  Tr. 30.

The ALJ first discounted the opinion on the ground it appeared "on a checkbox rating form with no supporting clinical evaluation notes or testing and only minimal explanation … for the extreme limitations opined."  Tr. 30. However, the record makes clear that PA-C Varada had treated Plaintiff for a period of years before rendering this opinion.  *See* Tr. 487-96 (2016-2017), 499-536 (2017-2020).  Indeed, the ALJ acknowledges PA-C Varada as a "[t]reating provider." Tr. 30.  Following years of treatment notes in the record, PA-C Varada's checkbox opinion "did not stand alone[.]"  *Garrison v. Colvin*, 759 F.3d 995, 1014 n17 (9th Cir. 2014).  The ALJ accordingly erred by discounting it on this ground.

The ALJ next discounted the opinion as inconsistent "with the longitudinal record, including claimant's presentation and performance on mental status screenings in treatment records/progress notes and on consultative psychological evaluation, previously discussed, which indicate some functioning limits due to autism, borderline intellect and/or social anxiety but otherwise within normal and

ORDER GRANTING PLAINTIFF'S MOTION . . . - 9

not to the extent of being entirely work preclusive." Tr. 30. As discussed above, in the context of Dr. Barnard's opinion, these are unreasonable inconsistencies. The ALJ accordingly erred by discounting the opinion on this ground.

Finally, the ALJ discounted the opinion on the ground it was internally inconsistent: "the provider's overall severity rating opined (extreme limitation in most categories meaning inability to perform basic work-related activities) is not consistent with the estimate of claimant's time off-task (only less than 12 percent of the workweek)." Tr. 30. Substantial evidence does not support this finding. The ALJ's cursory finding fails to sufficiently explain *how* this is a reasonable inconsistency, *see Reddick*, 157 F.3d at 725, or how the overall severity rating is, categorically, mutually exclusive with the opined estimate of time spent off-task. The ALJ accordingly erred by discounting the opinion on this ground.

C.     **Plaintiff's Testimony.**

Plaintiff contends the ALJ erroneously discounted his testimony. ECF No. 15 at 16-19. Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The Court concludes the ALJ failed to offer clear and convincing reasons to discount Plaintiff's testimony.

The ALJ discounted Plaintiff's testimony as inconsistent with the medical evidence. Tr. 25-27. However, because the ALJ erred by discounting two medical opinions, and necessarily failed to properly evaluate the medical evidence, as discussed above, this is not a valid ground to discount Plaintiff's testimony. The ALJ accordingly erred by discounting Plaintiff's testimony.

## VII.  CONCLUSION

This case must be remanded because the ALJ harmfully misevaluated the medical evidence and Plaintiff's testimony.  Plaintiff contends the Court should remand for an immediate award of benefits.  Such a remand should be granted only in a rare case and this is not such a case.  The medical opinions and Plaintiff's testimony must be reweighed and this is a function the Court cannot perform in the first instance on appeal.  Further proceedings are thus not only helpful but necessary.  *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

Because the ALJ misevaluated the medical evidence and Plaintiff's testimony, the ALJ will necessarily need to make new step three findings, which were based on the ALJ's assessment of both the medical evidence and Plaintiff's testimony, and determine whether the RFC needs to be adjusted.  For this reason, the Court need not reach Plaintiff's remaining assignments of error.  *See PDK Labs. Inc. v. DEA,* 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

On remand, the ALJ shall develop the record, as needed; reconsider the opinions of Dr. Barnard and PA-C Varada; reassess Plaintiff's testimony; and reevaluate the remaining steps of the sequential evaluation, as appropriate.

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).

Therefore, **IT IS HEREBY ORDERED:**

ORDER GRANTING PLAINTIFF'S MOTION . . . - 11

1.      Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2.      Defendant's Motion for Summary Judgment, **ECF No. 20**, is **DENIED**.

3.      The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 31, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE